UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SALZMAN & WINER, LLP,                                    Docket No. _____

                              Plaintiff,

                              **COMPLAINT**

      - against -

LEONARD M. ISAAC,                                        (Trial by Jury Demanded)

                              Defendant.
------------------------------------------------------------------------x

       Plaintiff, by and through its counsel, SALZMAN & WINER, LLP, complaining of the Defendant, alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction exists pursuant to 28 U.S.C. Section 1332 because the Plaintiff is a domestic limited liability partnership organized and existing pursuant to the laws of the State of New York, with its principal offices at 233 Broadway, 9th Floor, in the City, County and State of New York, and Defendant resides in the State of Connecticut with his principal place of business at 270 Farmington Avenue, Suite 345, Farmington, Connecticut, and there exists total diversity of citizenship.

2. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

3. Venue is proper because the Plaintiff is located in the Southern District of New York, and the transactions at issue required moneys to be delivered within the Southern District of New York.

## RELEVANT FACT BACKGROUND

4. At all relevant times, Defendant LEONARD M. ISAAC was engaged in the business of providing legal services as an attorney practicing law in the State of Connecticut.

5. At all relevant times, Alan Salzman, Esq., is a principal partner in the Plaintiff SALZMAN & WINER, LLP.

6. On July 9, 2022, Plaintiff SALZMAN & WINER, LLP, by its principal and managing partner Alan Salzman, Esq., referred clients Valeri Pettis and Mark Lender (the "Clients") for their personal injury matter to Defendant ISAAC in exchange for Defendant agreeing that Plaintiff would receive a one-third (1/3) portion of the total attorney's fees he received.

7. Defendant accepted the referral, represented the Clients in their personal injury action, and resolved the matter by settlement on or about November 25, 2024, for the sum of Two Million One Hundred Thousand Dollars ($2,100,000.00), and Defendant collected attorneys' fees of approximately Seven Hundred Thousand ($700,000.00) Dollars, of which Plaintiff's share is one-third, equal to approximately Two Hundred Thirty Three Thousand Three Hundred Thirty Three Dollars and Thirty Three Cents ($233,333.33).

8. On December 2, 2024, upon Plaintiff's demand for payment, Defendant refused to pay Plaintiff's share of the attorney's fee that they had mutually agreed upon.

## FIRST CAUSE OF ACTION – Breach of Contract

9. The Plaintiff incorporates by reference the prior paragraphs as though fully set forth herein.

10. The Defendant ISAAC entered into valid and binding contract with the Plaintiff for the sharing of attorney's fees in exchange for the referral of the Clients.

11. The Plaintiff performed its obligation under the contract by referring the Clients to Defendant.

12. The Defendant accepted the referral and was retained as counsel for the Clients.

13. The Defendant breached the contract insofar as it failed and refused to pay any of the amounts due under the contract.

14. As a direct and proximate result of Defendant's unjust enrichment, Plaintiff has suffered damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION – Unjust Enrichment

15. The Plaintiff repeats, reiterates and re-alleges paragraphs 4 through 8 as though fully set forth herein.

16. The Plaintiff pleads this cause of action in the alternative to its contract-based claims.

17. The Plaintiff referred and introduced the Clients to the Defendant ISAAC in exchange for the Defendant's representation that Defendant would share his attorney's fees with the Plaintiff.

18. The Defendant accepted the referral and was retained as counsel for the Clients.

19. The Defendant has been enriched at the expense of Plaintiff.

20. The enrichment was unjust because Defendant obtained and retained benefits that, in equity and good conscience, belong to Plaintiff.

21. Plaintiff conferred a benefit upon Defendant, and Defendant knowingly accepted, received, and retained that benefit.

22. Defendant's retention of the benefit without providing compensation to Plaintiff is against equity and good conscience.

23. As a direct and proximate result of Defendant's unjust enrichment, Plaintiff has suffered damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION – Fraud In the Inducement

24. The Plaintiff repeats, reiterates and re-alleges paragraphs 4 through 8 as though fully set forth herein.

25. The Plaintiff pleads this cause of action in the alternative to its contract-based claims.

26. At all relevant times, the Defendant made materially false and misleading representations of fact to the Plaintiff, including but not limited to the following:

(a) On or about July 9, 2022,, the Defendant represented to the Plaintiff that in exchange for referring the Clients to Defendant for their personal injury action, the Plaintiff will receive a one-third (1/3) portion of the total attorney's fees the Defendant received;

(b) Despite being told prior to the referral being made that the subject accident involving the Clients occurred at the premises owned by the Plaintiff's principal partner Alan Salzman and his wife, and knowing that a potential conflict of interest might exist, Defendant ISAAC represented that the attorney's fees would be shared and omitted any mention of a conflict existing or arising out of this fee sharing arrangement;

(c) These statements were made orally and were followed-up in writing via email from the Plaintiff's principal partner Alan Salzman during telephone calls with the Defendant ISAAC himself;

(d) The Plaintiff referred the Clients to the Defendant who was retained as their counsel for a personal injury action;

(e) During the course of litigation of said action, Defendant brought the Plaintiff's principal Alan Salzman and his wife into the lawsuit as co-defendants; and

(f) After the lawsuit settled, the Defendant refused to share the attorney's fees when the Plaintiff demanded that the Defendant pay Plaintiff's share of the attorney's fees.

27. The above-described statements were false when made, and Defendant knew they were false or made them with reckless disregard for their truth or falsity.

28. Defendant made these misrepresentations with the intent to deceive and induce Plaintiff to rely upon them, and to cause Plaintiff to take action (or refrain from action) that Defendant knew would benefit Defendant and harm Plaintiff.

29. Plaintiff reasonably and justifiably relied on Defendant's false statements. In reasonable reliance on Defendant's misrepresentations, Plaintiff referred the Clients to the Defendant instead of representing the Clients through another counsel.

30. As a direct and proximate result of Defendant's fraudulent conduct, Plaintiff suffered damages in an amount to be determined at trial.

31. Defendant's conduct was willful, wanton, malicious, and undertaken in bad faith, warranting the imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff SALZMAN & WINER, LLP respectfully requests judgment against Defendant LEONARD M. ISAAC as follows:

(a) On the First Cause of Action, in amounts to be determined at trial: estimated to be $233,333.33 plus 9% per annum from December 2, 2024, plus attorney's fees, and for compensatory damages, punitive damages, restitution, disgorgement, and monetary damages in an amount to be determined at trial, together with interest and costs thereon.

(b) On the Second Cause of Action, in amounts to be determined at trial: estimated to be $233,333.33 plus 9% per annum from December 2, 2024, plus attorney's fees, and for compensatory damages, punitive damages, restitution, disgorgement, and monetary damages in an amount to be determined at trial, together with interest and costs thereon.

(c) On the Third Cause of Action, in amounts to be determined at trial: estimated to be $700,000.00 plus 9% per annum from November 25, 2024, plus attorney's fees, and for compensatory damages, punitive damages, restitution, disgorgement, and monetary damages in an amount to be determined at trial, together with interest and costs thereon.

(d) For such other and further relief as the Court deems necessary, just and proper.

Dated: New York, New York
December 19, 2025

Respectfully submitted,

SALZMAN & WINER, LLP

by: *Alan Salzman /s/*
Alan Salzman, Esq.
*Attorneys for Plaintiff*
SALZMAN & WINER, LLP
233 Broadway, 9th Floor
New York, New York 10279
(212) 233-6550